Leo F. BENOIT, Appellant,

v.

Alfred GARDNER et al., Appellees.

Misc. No. 143.

United States Court of Appeals
First Circuit.

May 20, 1965.

William C. Madden, Boston, Mass., for appellant on application for temporary restraining order.

Calvin P. Bartlett, Sp. Asst. Atty. Gen., for the Commonwealth of Massachusetts, and Donald N. Sweeney, Boston, Mass., for appellees on memorandum in opposition to the application.

Before ALDRICH, Chief Judge, and WOODBURY, Senior Circuit Judge.*

PER CURIAM.

The appellant, dissatisfied by the denial, by a single district judge, of his demand for a three-judge court to declare a state statute unconstitutional, 28 U.S.C. § 2281, which demand was denied on the ground that the complaint is frivolous on its face, appeals from that order and from the court's dismissal of the complaint. As a matter of procedure both the district court and the plaintiff have acted correctly. Bailey v. Patterson, 1962, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512; Idlewild Bon Voyage Liquor Corp. v. Epstein, 1962, 370 U.S. 713, 715–716, 82 S.Ct. 1294, 8 L.Ed.2d 794. The plaintiff, in addition, asks for "a temporary restraining order until final decision of this court." Passing the technicality that plaintiff is really seeking a preliminary injunction, and the more important matter that he has not satisfied the requirements of 28 U.S.C. § 2283, we will assume that for preservation of our jurisdiction we may grant an injunction. Cf. Greene v. Fair, 5 Cir., 1963, 314 F.2d 200. But, as the cited case points out, the plaintiff's burden is something much heavier than the mere showing that the district court erred in believing his complaint frivolous. There must, at the least, be a strong showing of a likelihood of success and of irreparable harm.

The district court took pains to point out with considerable specificity, the deficiencies in the plaintiff's position. In this court plaintiff does not even favor us, any more than apparently he did the district court, with a brief. It is a rare case in which one may obtain a preliminary injunction for the asking, particularly pending appeal. This is far from such a case.

Motion denied.

* By designation.