Leo F. BENOIT, Plaintiff, Appellant,

v.

Alfred GARDNER et al., Defendants, Appellees.

No. 6541.

United States Court of Appeals First Circuit.

Heard Sept. 15, 1965.

Decided Oct. 29, 1965.

James W. Kelleher, Boston, Mass., with whom William C. Madden, Boston, Mass., was on brief, for appellant.

Calvin P. Bartlett, Special Asst. Atty. Gen., for the Commonwealth of Massachusetts, with whom Donald N. Sweeney, Boston, Mass., was on brief, for appellees.

Before ALDRICH, Chief Judge, J. WARREN MADDEN, Judge of the Court of Claims,* and JULIAN, District Judge.

ALDRICH, Chief Judge.

This is an appeal by a plaintiff from the judgment of a single judge of the district court denying a prayer that he request the chief judge of the circuit to designate a three-judge district court, 28 U.S.C. § 2284, and dismissing the complaint on the merits. The complaint alleges that plaintiff had been a public official of the Commonwealth of Massachusetts for a number of years; that in connection with its investigation of corrupt practices in the Commonwealth a body known as the Massachusetts Crime Commission, created by Mass. Resolves (1962) ch. 146, summoned plaintiff before it, caused him to be investigated, and through its personnel presented material thus gained to a Suffolk County grand jury; that in May 1963, plaintiff was indicted by the grand jury for requesting and receiving a bribe; that in 1965 attorneys representing the Commonwealth informed plaintiff's counsel that they desired plaintiff's testimony in connection with indictments against other public officials and indicated that if plaintiff cooperated his own indictment would be treated leniently, but that if he did not cooperate, further indictments might be sought against him.

Plaintiff seeks a declaration that the legislation creating the Commission is unconstitutional, and an injunction restraining the Commission and its

---

* Sitting by designation.

personnel from issuing further summonses to him, from preparing or continuing the preparation of any prosecutions against him, and from presenting any matter concerning him to any prosecuting officer, law enforcement agency, or grand jury. He further seeks to restrain the Massachusetts Attorney General from presenting to any grand jury any material against the plaintiff obtained in whole or in part from the Commission or its personnel, and from proceeding further under the 1963 indictment. The respondents are individuals who were the members and principal employees of the Commission, and the Attorney General of the Commonwealth.[1]

As we understand it, plaintiff asserts six grounds in support of the requested relief:[2] (1) the Crime Commission's combination of legislative and prosecutorial functions violates the due process clause of the fourteenth amendment: (2) restriction of the Commission's activities to the field of corrupt practices in the state government denied the class of state office holders, of which plaintiff is a member, the equal protection of the laws; (3) while presenting matters to grand juries Commission personnel disclosed the grand jury proceedings to defendant Gardner, the Commission's chairman, so that the Commission could further investigate and fill in evidentiary gaps, thereby violating plaintiff's right to secret grand jury proceedings; (4) the Commission's primary purpose was the unconstitutional one of exposing and punishing individuals, rather than that of recommending legislation to the General Court; (5) plaintiff's forthcoming trial will be prejudiced as a result of unfavorable publicity directed by the Commission against state office holders; and (6) the state's promises of leniency and threat of further indictments in order to enlist plaintiff's cooperation in the trial of other officials coerces him to incriminate himself in violation of the fifth and fourteenth amendments.

■■ 28 U.S.C. §§ 2281 requires a hearing before a three-judge district court only when an "injunction restraining the enforcement, operation or execution of any State statute * * * or of an order made by an administrative board or commission acting under State statutes" is sought "upon the ground of the unconstitutionality of such statute." It does not encompass injunctions sought on the ground that a valid statute or order is being executed in a manner prejudicial to constitutional rights. See Phillips v. United States, 1941, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800; Ex parte Bransford, 1940, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249. Only the first of the six claims clearly challenges the constitutionality of the Commission's enabling legislation. By giving plaintiff the benefit of considerable doubt and assuming that the practices asserted in claims 2 to 4 flowed directly from the statute, these, too, may have formed a basis for seeking a three-judge court. Plaintiff may well have been correct in joining the various causes of action in one claim, and if any one of them required a hearing before a three-judge court all might thus be heard, with direct review in the Supreme Court. Cf. Florida Lime and Avocado Growers, Inc. v. Jacobsen, 1960, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568; 3 Moore, Federal Practice ¶18.07 [2] (1964). We

1. The parties concede that we may take judicial notice of the fact that pending this appeal the Massachusetts Crime Commission went out of existence. This moots the matter of further summonses, and may render inappropriate much of the other relief requested. In view of our disposition of the case we do not decide the latter question, and especially the question whether it would be appropriate to apply exclusionary sanctions with respect to material gained through allegedly unconstitutional procedures. Since some of the respondent personnel remain special assistant attorneys general, and the case is before us on appeal from the granting of a general motion to dismiss, we will assume that the parties named as respondents are properly so named.

2. The enumeration is ours, not plaintiff's. Plaintiff's brief does not clearly state or separate his bases for relief, but we trust we have discovered all of them.

do not pause to explore this procedural matter, but, like the district court, will go direct to the dorsal aorta. At the same time, if we conclude that the single judge properly dismissed on the merits those aspects of the complaint which colorably required the empaneling of a three-judge court,[3] we can consider claims 5 and 6 as an ordinary appeal from a denial of injunctive relief.

We turn first to the question whether plaintiff's claims were so lacking in merit as to warrant refusal to invoke the procedures required by sections 2281 and 2284. Plaintiff refers to no authority, and we know of none, to the effect that the Constitution of the United States imposes the same requirements of separation of governmental functions on the states that it does on the national government. Indeed, the Supreme Court has expressly held the contrary. Dreyer v. People of State of Illinois, 1902, 187 U.S. 71, 23 S.Ct. 28, 47 L.Ed. 79; and see Sweezy v. State of New Hampshire, 1957, 354 U.S. 234, 255, 77 S.Ct. 1203, 1 L.Ed. 2d 1311. Though this does not mean that certain combinations of functions in a state agency might not constitute such unfairness as to contravene the due process clause of the fourteenth amendment, plaintiff does not allege that prejudice resulted from the abstract commingling of legislative and prosecutorial functions which characterizes the Crime Commission's structure.

Plaintiff's argument that the Commission's concentration on investigating corruption among state officials denied members of that class, including himself, the equal protection of the laws is also without merit. Although discriminatorily motivated prosecutions, see Note, 61 Colum.L.Rev. 1103 (1961), and possibly even investigations, but cf. United States v. Kamin, D.Mass., 1956, 136 F.Supp. 791, 803, might under some circumstances constitute a denial of equal protection, those appointed to high public office hold a special public trust; they cannot properly complain if they are the objects of special scrutiny.

Plaintiff does not clearly allege that grand jury secrecy was breached in the course of the specific proceedings that resulted in his indictment, although he alleges a general practice to that effect. In any case, his assertion of a federal right to grand jury secrecy must fall under the weight of Hurtado v. People of State of California, 1884, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232, and subsequent decisions holding that the fourteenth amendment does not require a state to initiate prosecutions by way of indictment. To be sure, even though a state need not employ the institution of the grand jury, having chosen to employ it, it cannot do so in a discriminatory manner. Cf. Cassell v. State of Texas, 1950, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839. Assuming, however, that the Commission pursued an unusual course of conduct with respect to the reporting back of grand jury proceedings, in view of our conclusion in the immediately preceding paragraph, this constituted no denial of equal protection. And see Snowden v. Hughes, 1944, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497.

We thus reach plaintiff's contention that the Commission's purposes in conducting its investigations were to punish and expose corrupt state officials, and that these purposes rendered its activities unconstitutional. Certainly public scorn and obloquy may sometimes be more painful than a fine or even imprisonment, and the fourteenth amendment does not impose its stringent constraints

---

3. Although urged not to do so, we adhere to our former holding, Benoit v. Gardner, 1965, 345 F.2d 792, that a single judge has jurisdiction to dismiss if the federal grounds are totally without merit. Bailey v. Patterson, 1962, 369 U.S. 31, 33, 82 S. Ct. 549, 7 L.Ed.2d 512; Ex parte Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 78 L. Ed. 152. In view of our disposition, we do not reach the question whether a single judge has authority to dismiss a three-judge issue as a matter of equitable discretion. See Idlewild Bon Voyage Liquor Corp. v. Epstein, 1962, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794.

on the criminal judicial process only to permit their evasion when the judicial function is transferred to an agency with a different name on the door. But, reading plaintiff's complaint with all generosity, it does not allege that the Commission employed its own proceedings for the purpose of trying and punishing him. Rather, as the complaint itself demonstrates,[4] the Commission intended to seek the punishment of corrupt officials generally, to be effected in the courts of Massachusetts, thereby assuring them a fair trial before an impartial tribunal.

Plaintiff claims, and we may treat this as an independent argument, that the Commission engaged in exposure for the sake of exposure. The cases cited to demonstrate the unconstitutionality of such conduct are of dubious value, for they concern the limitations of congressional, not state legislative, authority. But it is of no little interest that although in Watkins v. United States, 1957, 354 U.S. 178, 77 S.Ct. 1173, 1 L.Ed.2d 1273, twice cited by plaintiff in his brief, the court states that "there is no congressional power to expose for the sake of exposure," this sentence is immediately followed by the qualification, "The public is, of course, entitled to be informed concerning the workings of its government," appended to which is a footnote:

> "We are not concerned with the power of the Congress to inquire into and publicize corruption, maladministration or inefficiency in agencies of the Government. That was the only kind of activity described by Woodrow Wilson in *Congressional Government* when he wrote: 'The informing function of Congress should be preferred even to its legislative function.' * * * From the

earliest times in its history, the Congress has assiduously performed an 'informing function' of this nature. * * *" 354 U.S. at 200, and n. 33, 77 S.Ct. at 1185.

In sum, we are of opinion, that the complaint asserts no grounds which would warrant relief by, and hence the appointment of, a three-judge court.

The only issue we need consider with respect to plaintiff's last two claims is the need of equitable relief, resolved against him by the district court. We neither reach their substantive merit, nor resolve the question whether in view of 28 U.S.C. § 2283 the court would have jurisdiction to enjoin prosecution of plaintiff's forthcoming trial. See Dombrowski v. Pfister, 1965, 380 U.S. 479, 484 n. 2, 85 S.Ct. 1116, 14 L.Ed.2d 22.

Federal courts have consistently, and properly, shown great reluctance to interfere with criminal proceedings in the state courts, in the belief that "federal interference with a State's good-faith administration of its criminal laws is peculiarly inconsistent with our federal framework. It is generally to be assumed that state courts and prosecutors will observe constitutional limitations as expounded by this Court, and that the mere possibility of erroneous initial application of constitutional standards will usually not amount to the irreparable injury necessary to justify a disruption of orderly state proceedings." Dombrowski v. Pfister, supra, at 484–485, 85 S.Ct. at 1120. Plaintiff will have the opportunity to have the Commonwealth's courts consider his novel point with respect to self-incrimination if he raises it as a defense; any constitutional rights that are his will be protected in those courts and by subsequent review. As for the possi-

---

4. "Pursuant to the policy of exposure and punishment * * *., the Crime Commission commenced to organize a prosecuting staff. * * * In its report to the legislature on December 2, 1963, it stated: 'The Commission has a primary duty to report to the General Court any corrupt practices that its investigations may uncover and to recommend remedial legislation. It is not yet ready to do so.

Its reports of corrupt practices and its recommendations for remedial legislation will not carry weight unless the existence and nature of corruption can be shown by naming the persons who have been guilty of corrupt practices and by describing the patterns of their corruption. *This cannot be done until their guilt has been proved by their conviction.'*" (Italics ours.)

bility of plaintiff's trial being prejudiced by unfavorable pretrial publicity, he does not, and probably could not in good faith, allege that the ordinary state procedures for assuring a fair trial cannot give him adequate protection.

If plaintiff's position is basically that the statute creating the Crime Commission was itself unconstitutional because acts of the Commission have prevented his obtaining a fair trial, we could not agree with it. If it is the broader one that he is entitled to have the institution or prosecution of criminal proceedings enjoined because a state agency has given him allegedly irremediably damaging publicity, his contention would ascribe to the federal courts jurisdiction over state court procedures of megalomaniacal proportions. We concur in the views expressed by the district court in dismissing the complaint.

Affirmed.