Fred **CHERRY**

v.

The **POSTMASTER GENERAL** of the **United States, the Postmaster of San Juan, P. R., the Postmaster of Brooklyn, N. Y., and the Postmaster of New York, N. Y., Julius C. Tortorice, Intervenor.**

**Civ. No. 575–66.**

United States District Court
D. Puerto Rico.

Aug. 7, 1967.

Fred Cherry, pro se.

Asst. U. S. Atty. Candita R. Orlandi, San Juan, P. R., for defendant.

## MEMORANDUM OF DECISION

CANCIO, Chief Judge.

This case is now before this Court on two motions by the United States Attorney to dismiss: the first one as to plain-

tiff Fred Cherry and the second one as to intervenor Julius Tortorice, who was joined lately.

Plaintiff Cherry has argued his case. The intervenor, Tortorice, has appeared in person and through his papers, for he has not presented any argument. We must decide the case as to him on those documents, which include a brief. However, all oral arguments of Mr. Cherry on his own behalf will also be considered on behalf of Mr. Tortorice.

The Court has fully considered all of the pleadings, records, motions, briefs and other documents in the file. It has afforded several hearings to the plaintiff and the intervenor, where only the former has availed himself of this right. The United States Attorney has, similarly, been heard.

The issue involved in this case is essentially one relating to the First and Fifth Amendments to the United States Constitution. Plaintiff alleges that his rights to free speech and to property have been abridged by the Postmaster General of the United States in that the latter has refused to deliver, and has threatened to destroy, certain postcards mailed by him. The intervenor alleges that his right to receive through the mail the postcards originally mailed by the plaintiff in this case has been infringed.

On these grounds, plaintiff demands: (1) the calling of a three judge United States District Court to pass on the constitutionality of 18 U.S.C. § 1718 and 39 U.S.C. § 4001; (2) that this Court issue a temporary restraining order and a preliminary injunction against the Postmaster General of the United States to prevent him from destroying the postcards in question; and (3) several other petitions directed to the three judge District Court in case it were convened.

Section 1718 of the United States Code, Title 18, reads as follows:

All matter otherwise mailable by law, upon the envelope or outside cover or wrapper of which, or *any postal card upon which is written or printed or otherwise impressed or apparent any delineation, epithet, term or language of libelous, scurrilous, defamatory or threatening character,* or calculated by the terms or manner or style of display and obviously intended to reflect injuriously upon the character or conduct of another, is *nonmailable matter, and shall not be conveyed in the mails nor delivered* from any post office nor by any letter carrier, *and shall be withdrawn from the mails* under such regulations as the Postmaster General shall prescribe. (Italics ours.)

There is a punitive clause which attaches to this provision. That clause, though, is not in question here, since there is no pleading as to any imminent or threatened sanction weighing upon either the plaintiff or the intervenor.

Plaintiff and intervenor are further challenging the constitutionality of 39 U.S.C. § 4001, which reads as follows:

(a) Matter, the deposit of which is punishable under sections 1302, 1341, 1342, 1461, 1463, 1714, 1715, 1716, 1717 or 1718 of title 18, is nonmailable.

(b) Except as provided in section 4002 of this title, nonmailable matter which reaches the office of delivery, or which may be seized or detained for violation of law, shall be disposed of as the Postmaster General directs.

As to this second issue, plaintiff is also moving this Court, and the intervenor has joined him, to convene a three judge United States District Court pursuant to 28 U.S.C. § 2284. Nevertheless, before this Court can convene such a court, the plaintiff or the intervenor must show that:

1. Jurisdiction lies in this Court.

2. There is a likelihood of success.

3. There is a likelihood of irreparable damage. (See Benoit v. Gardner, (1st Cir., 1965), 345 F.2d 792; 351 F.2d 846.)

Plaintiff predicates the jurisdiction of this Court on Article III, Section 2 of the United States Constitution, on 28 U.S.C. §§ 1331, 1339, 1356, 1391, 2201, 2202 and 2284, and on 5 U.S.C. § 1009.

As far as 28 U.S.C. § 1331 is concerned, there has been no showing that the jurisdictional amount is reached. The jurisdictional amount is alleged, but there is no prayer or allegation which could possibly give this Court any reason to understand that the injury alleged could be anywhere near $10,000 or even $3,000.*

Hence, if jurisdiction lies in this case, it must lie elsewhere than in 28 U.S.C. § 1331. It would seem then that the jurisdiction of this Court must rest on 28 U.S.C. § 1339, which states:

The district courts shall have original jurisdiction on any civil action arising under any Act of Congress relating to the postal service.

Since some of the acts alleged were carried out in Puerto Rico, and since the plaintiff allegedly resides within the Commonwealth of Puerto Rico and the defendant Postmaster General is represented by the United States through the U. S. Attorney in Puerto Rico, this Court has venue pursuant to 28 U.S.C. § 1402.

Thus, we now pass on the question of whether the facts of this particular case comply with the requirements of Benoit v. Gardner, ut sup., as to the likelihood of success and the showing of irreparable damage. As to the latter, it would appear that the seizure and destruction of the postcards in question might amount to irreparable injury, but we will not have to come to that point since the matter will be disposed of on the likelihood of the plaintiff succeeding in his challenge to the constitutionality of the statute.

Plaintiff has mailed at several post offices a number of postcards containing certain statements pertaining to the person and morality of a certain clergyman. These postcards state, among other things, that this man of the cloth:

1. Is one of the foremost leaders of the organized homosexual movement in America.

2. Has written a book insinuating that Jesus Christ was a homosexual.

3. As a member of the organized homosexual movement in America, has as his ultimate aim to bring about a pervert world.

4. As a member of that movement, he is engaged in a program to bring about a pervert world which consists of the following steps:

(a) Legalize and encourage homosexuality between consenting adults.

(b) Outlaw prostitution so that large numbers of young men will be forced to resort to homosexuality.

(c) Legalize and encourage Greek love.

(d) Outlaw all normal sexual experience between men and women.

Regarding these postcards, the Post Office Department, after an administrative hearing, declared that they were nonmailable matter under 18 U.S.C. § 1718 and ordered that they be destroyed pursuant to 39 U.S.C. § 4001.

Plaintiff does not contend that the Post Office Department erred in classifying the aforementioned postcards as nonmailable under the statute, nor does he deny that said postcards are in fact libelous, defamatory, scurrilous and threatening. It would seem from his brief that, on the contrary, he candidly admits that this is the nature of his postcards. Nevertheless, he insists that these postcards are privileged on the grounds that, independently of their nature, their content is true, has a general political, religious or sociological significance and constitutes a fair comment upon the conduct of persons in respect to public affairs. As such, plaintiff insists that his postcards come under the protection of the First Amendment regarding freedom of speech and freedom of the press.

Freedom of speech and freedom of the press are secured by the First Amendment against abridgment by the United States to the detriment of the

---

* See 48 U.S.C.A. § 863; Compagnie Nationale Air France v. Casaño, 358 F.2d 203 (1966).

citizens of the United States. The safeguarding of these rights to the ends that men may speak freely on matters vital to them and that falsehoods may be exposed through the processes of education and discussion is essential to a free government. Thornhill v. State of Alabama, 1939, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093. But freedom of speech and freedom of the press, as many other rights guaranteed by the Constitution, are not absolute. Where freedoms of this nature are bent into license, the State has the authority and the duty, not only to limit, but also to punish its abuse. Near v. State of Minnesota, 1931, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357; Kingsley Books, Inc. v. Brown, 1957, 354 U.S. 436, 77 S.Ct. 1325, 1 L.Ed.2d 1469. The constitutional protection to freedom of speech and press does not turn upon the truth, popularity or social utility of the ideas and beliefs which are offered. New York Times Co. v. Sullivan, 1964, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686; N. A. A. C. P. v. Button, 1963, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405. Hence, it is indifferent whether or not the statements made on these postcards are true or false. The question is whether or not they are protected forms of speech, to the extent that the Government is under the constitutional obligation to lend its facilities to help disseminate statements in the manner sought by plaintiff. It does not seem to be so. To use plaintiff's own words, it does not seem that the speech sought to be protected in these circumstances "is of general political, religious or sociological significance"; nor does it appear, in these same circumstances, to be "a fair comment upon the conduct of persons in respect of public affairs".

■ As the United States Attorney pointedly suggests, the matter printed on plaintiff's postcards is, in fact, otherwise mailable by law. It could have been printed on a piece of paper, enclosed in an envelope and sent through the mails. It still can. It is merely the act of printing this matter on a postcard, with its surface exposed, that renders the cards nonmailable. Plaintiff is not foreclosed from expressing himself. Simply, the manner in which it is done is regulated by law in a very minor form. This does not amount to an abridgment of the First Amendment rights.

■ In sum, it appears to this Court that plaintiff's cause of action is entirely without merit and that it is frivolous and lacking any likelihood of success. It appears to us, too, that 39 U.S.C. § 4001 and 18 U.S.C. § 1718 are valid exercises by the Congress of the United States of its power to regulate the mails that the Government created and administers.

Plaintiff's postcards, according to the postal authorities, are libelous, scurrilous and defamatory. He has not even tried to challenge this. They contain an attack, warranted or not, upon the person of a readily identifiable clergyman who is therein mentioned by name, position and location. We must consider them as of that nature. The Post Office Department held an administrative hearing and it was after this hearing that the ruling came as to the destruction of plaintiff's postcards. There has been no showing by the plaintiff as to why this Court should hold that his procedure is contrary to the due process of law or any other constitutional or legal right. Plaintiff's rights are fully protected and provided for in this procedure and there is no denial of due process merely because the courts of law do not intervene in the matter in the first instance. Public Clearing House v. Coyne, 1904, 194 U.S. 497, 24 S.Ct. 789, 48 L.Ed. 1092.

■ As far as the intervenor is concerned, we believe that his right to receive materials through the mails is dependent on the plaintiff's right to send it through the mail. If plaintiff cannot legally send it, it seems obvious that no one has the right to receive it. You cannot be entitled to receive by mail that which cannot be sent by mail. If the Postmaster General has the right to refuse to deliver an item, that is the end of it; no one can claim that he can receive it, legally or otherwise.

■ In view of the foregoing, it is the decision of this Court that plaintiff and

intervenor have failed to show that they have raised a controversy which requires the convening of a three judge District Court. They have failed to show that they are in danger of being irreparably injured. Finally, they have failed to show that they have raised a substantial federal question which cannot be ruled upon by a single judge and which requires the convening of a three judge District Court provided by 28 U.S.C.A. § 2281.

In view of the foregoing, this Court, relying upon its power to singly dismiss this case, hereby does so. Bailey v. Patterson, 1962, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512; Idlewild Bon Voyage Corp. v. Epstein, 1962, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794; Benoit v. Gardner, (1st Cir., 1965), 345 F.2d 792; 351 F.2d 846.

Taking into consideration the probability that the plaintiff in this case will appeal from the decision of this Court, we believe it is in the best interest of justice to continue the stay as to the destruction of the postcards in question until appeal is terminated or this judgment becomes final and unappealable.

The complaint is dismissed and the stay kept in effect as stated above.