Kent MILNER d/b/a Belevedere Driving School et al.,

v.

Colonel R. H. BURSON, Director of the Georgia Department of Public Safety, Hinson McAuliffe, Solicitor of the Criminal Court of Fulton County, Georgia, Herbert T. Jenkins, Chief of Police of the City of Atlanta, Georgia, and J. B. Angelo Crowe, Consultant, Driver and Safety Education, Georgia Department of Education.

Civ. A. No. 14104.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 23, 1970.

Westmoreland, Hall & Bryan, Atlanta, Ga., for plaintiffs.

Arthur K. Bolton, Atty. Gen. of Ga., for Colonel R. H. Burson and J. B. Angelo Crowe, Harold N. Hill, Jr., Executive Asst. Atty. Gen., Marion O. Gordon, Courtney Wilder Stanton, Asst. Attys. Gen., Atlanta, Ga.

Hinson McAuliffe, pro se; James L. Webb and Frank A. Bowers, Atlanta, Ga., for Hinson McAuliffe.

Henry L. Bowden & John E. Dougherty, Atlanta, Ga., for Herbert T. Jenkins.

Paul A. Martin, Atlanta, Ga., for Charles Harry Miller, Leslie Cole, Louie Newton Dowis, James R. Craig, Robert Frank DeArmon, Michael C. Moon, Thomas Sherwood Meads, Sullivan Reed, Charles H. Miller, Jr., Ken Bayne, Driving Instructors for Tall Man Driver Training & Ins. Agency Corp. (all of whom wish to be excluded from action).

Before BELL, Circuit Judge, and SMITH and EDENFIELD, District Judges.

EDENFIELD, District Judge:

Plaintiffs, operators of various commercial driving schools and the driving instructors of Taggart's Driving School, have brought this action against certain officials of the State of Georgia seeking a declaratory judgment and injunctive relief. Specifically, plaintiffs ask the court (1) to declare unconstitutional a portion of the Georgia Driver Training School License Act, Ga. Code Ann. ch. 92A–11 (hereinafter the Act), and (2) to permanently enjoin defendants from enforcing the provisions of the Act against them. The portion of the Act alleged to be unconstitutional is Ga. Code Ann. § 92A–1104(b), which provides that:

> "Every person in order to qualify as instructor for a driving school shall meet the following requirements: * * * (b) Must present to the department [Department of Public Safety] evidence of credit in driver education and safety from an accredited college or university equivalent to credits in those subjects which are required of instructors in the public schools of Georgia."

Though several constitutional challenges are presented in the complaint, plaintiffs rely primarily on only three.[1] First, plaintiffs contend that the educational requirements of Ga. Code Ann. § 92A–1104(b) are arbitrary and capricious in violation of the due process clause of the Fourteenth Amendment to the United States Constitution in that they bear no reasonable relation to the purpose of the Act or the ability to teach driver training. Second, plaintiffs contend that the section represents an unconstitutional delegation of legislative power in that insufficient guidelines are provided for the establishment of the educational requirements. Third, plaintiffs contend the Act discriminates against them in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution in that it establishes the same requirements for both commercial and public school instructors and then exempts the public school teachers from the operation of the Act.

■ Defendants suggest that a state court action between similar parties contesting the constitutionality of the Act is res judicata, and thereby bars plaintiffs from maintaining this action. This suggestion cannot prevail under the circumstances of this case. Though there is some question as to whether the suit brought in state court was a class action and whether all members of the class received adequate notice of the suit, these questions need not be reached in view of the relationship between Plaintiff Jett d/b/a Georgia Driving School and the state court action. When the state court action was instituted, Plaintiff Jett was not a resident of Georgia and had neither actual nor constructive notice of the suit. Since the court concludes that it must resolve the issues as to Jett, it will resolve the issues as to all plaintiffs.

■ Plaintiffs' due process attack on Ga. Code Ann. § 92A–1104(b) is without merit. Though there is no precise formula to be applied in due process analysis, the test applied by the Second Cir-

---

1. In addition to their three primary challenges, plaintiffs contend (1) that they are deprived of their employment without due process, (2) that Ga.Code Ann. § 92A–1104(b) is in violation of due process in that it is vague and uncertain, (3) that the standards for driving instructors, as set by the Act, are more stringent than the standards in similar fields and therefore in violation of equal protection, and (4) that the failure of the legislature to include a savings clause in the Act, when such clauses have allegedly always been included in past similar situations, denies equal protection. Plaintiffs have not insisted on these contentions either by brief or argument. Furthermore, considering both the language and purpose of the Act, they are without merit.

cuit Court of Appeals seems representative of the approach taken by the courts. There the Court stated that:

> "It is only the 'invidious discrimination' or the classification which is 'patently arbitrary [and] utterly lacking in rational justification' which is barred by either the 'due process' or 'equal protection' clauses. Flemming v. Nestor, 363 U.S. 603, 611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960); Williamson v. Lee Optical [of Okl.], 348 U.S. 483, 489, 75 S.Ct. 461, 99 L. Ed. 563 (1955). A classification or regulation, on the other hand, 'which is reasonable in relation to its subject and is adopted in the interests of the community is due process.' West Coast Hotel Co. v. Parrish, 300 U.S. 379, 391, 57 S.Ct. 578, 582, 81 L.Ed. 703 (1937)." Gruenwald v. Gardner, 390 F.2d 591, 592 (2d Cir. 1968).

The function of the court is not to "sit as a 'superlegislature to weigh the wisdom of legislation,' " Ferguson v. Skrupa, 372 U.S. 726, 731, 83 S.Ct. 1028, 1032, 10 L.Ed.2d 93 (1963), citing Day-Brite Lighting, Inc. v. Missouri, 342 U. S. 421, 423 (1952); but rather to determine whether the purpose of the legislation is legitimate and whether the requirement imposed by the legislation is reasonably related to achieving the ends sought by the legislation.

The purpose of the Act, though not specifically stated, is obviously to improve the quality of driving instruction received by prospective drivers in the State of Georgia and to protect the public from unqualified commercial driving programs. The achievement of this purpose is clearly a legitimate exercise of the State's police power and is particularly appropriate in light of the many tragedies which presently occur on our streets and highways. Furthermore, the educational requirements[2] of Ga.

Code Ann. § 92A–1104(b) are not unreasonable. To require commercial driving instructors to present evidence of educational credit in the field of driver education and safety is both reasonably related to the ability to teach driving skills and the achievement of the purpose of the Act.

Plaintiffs also contend that Ga. Code Ann. § 92A–1104(b) constitutes an unconstitutional delegation of legislative power. The court notes, however, that Ga. Code Ann. § 92A–1104(b) makes no delegation but merely accepts the existing requirements applicable to teachers in the public schools of Georgia. Since the educational requirements for public school teachers are set by the Board of Education, plaintiffs would appear to attack the delegation to the Board of Education,[3] however, plaintiffs have not attacked this delegation by the Georgia legislature.

■ In considering plaintiffs' equal protection argument, there is some question as to whether the Act exempts teachers in the public schools from operation of the Act as plaintiffs contend. Ga. Code Ann. § 92A–1109 sets forth the exemptions from the Act and provides:

> "This Chapter shall not apply to an accredited elementary school, secondary school, junior college or college conducting a driver training course, nor shall it apply to driver improvement schools operated by this State, a county or a municipality thereof."

Nothing in the exemption provisions of the Act specifically exempts public school teachers. Rather the only class specifically exempted is accredited educational institutions conducting a driver training course and state and local government-conducted driver improvement schools. Since a literal interpretation of Ga. Code Ann. § 92A–1109 does not exempt public school driver education

---

2. The educational requirements, as set by the Board of Education, consist of three five-quarter hour courses offered through the University of Georgia system and relating solely to driver education and

public safety. Credits from foreign educational institutions are accepted.

3. Such an attack would appear to relate to Ga.Code Ann. § 32–603.

teachers, both classes of driving instructors are operating under the same standards and restrictions and there is no denial of equal protection. Even assuming that public school driver education teachers are exempt from operation of the Act, both classes are still subject to exactly the same educational requirements.[4] Therefore Ga. Code Ann. § 92A–1104(b) when considered with Ga. Code Ann. § 92A–1109 is not unconstitutional on its face as a denial of equal protection.

■ Though the portion of the Act as challenged by plaintiffs is not unconstitutional on its face, the Act could conceivably be applied to plaintiffs in such a manner as to violate constitutionally protected rights.[5] This, however, is not a proper question for a three-judge district court. 28 U.S.C.A. § 2281. Benoit v. Gardner, 351 F.2d 846 (1st Cir. 1965); McGuire v. Sadler, 337 F.2d 902 (5th Cir. 1964).

It is therefore ordered and adjudged that Ga. Code Ann. § 92A–1104(b) is not unconstitutional on its face, and the relief requested by plaintiffs is denied, but without prejudice to plaintiffs' right to contest an unconstitutional application of the Act by state officials should such appear.

---

4. Assuming public school teachers are exempt from the Act, plaintiffs have failed to contest any condition incident to the distinction between commercial driving instructors and public school instructors. As noted above, both classes are subject to the same educational requirements in the area of driver education and public safety. Absent a showing that one class is unreasonably subjected to a condition or requirement to which the other class is not subject, there is no denial of equal protection.

5. While making no judgment whatsoever as to the merit of future constitutional challenges, the court notes that possible challenges of unconstitutional application could be raised. Merely as an example, the State could insist upon strict compliance with the educational requirements of the Act in the case of commercial driving instructors, while waiving such compliance in the case of public school teachers. Further, under the baffling legislative scheme established by the Act and a literal interpretation thereof, an individual commercial driving instructor could be deemed a "driver training school" under the provisions of Ga.Code Ann. § 92A–1101(b) and therefore subject to the insurance, bond, and fee provisions of Ga.Code Ann. § 92A–1103. Any attempt by the State to make such an application of the Act, while exempting public school teachers, might give rise to an equal protection challenge to such an application. In sum, the Act, while not unconstitutional on its face as challenged, is sufficiently confusing to suggest that there might be future litigation regarding the constitutionality of its application; and this court will not foreclose such future litigation.