Kent **MILNER** d/b/a Belvedere Driving School and David Jett d/b/a Georgia Driving School and Taggart International, Inc., a Delaware corporation, t/a Taggart's Driving School,

and

Frank D. Paulk et al.

v.

Colonel R. H. **BURSON**, Director of the Georgia Department of Public Safety, Hinson McAuliffe, Solicitor General of the Criminal Court of Fulton County, Georgia, Herbert T. Jenkins, Chief of Police of the City of Atlanta, Georgia; and J. B. Angelo Crowe, Consultant, Driver and Safety Education, Georgia Department of Education.

Civ. A. No. 14104.

United States District Court,
N. D. Georgia,
Atlanta Division.

April 14, 1971.

23. U.C.C. 9–302, Comment 1.

**1252**

Westmoreland, Hall & Bryan, Atlanta, Ga., for plaintiff.

Hinson McAuliffe, James L. Webb and Frank A. Bowers, Atlanta, Ga., for Hinson McAuliffe.

Henry L. Bowden and John E. Dougherty, Atlanta, Ga., for Herbert T. Jenkins.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Marion O. Gordon, Courtney Wilder Stanton, Asst. Attys. Gen., Atlanta, Ga., for Burson & Crowe.

Paul A. Martin, Atlanta, Ga., for Charles Harry Miller, Leslie Cole, Louie Newton Dowis, James R. Craig, Robert Frank DeArmon, Michael C. Moon, Thomas Sherwood Meads, Sullivan Reed, Charles H. Miller, Jr., Ken Bayne, Driving Instructors for Tall Man Driver Training & Ins. Agency Corp.

## ORDER

EDENFIELD, District Judge.

This order is a one-judge sequel to a three-judge order entered in this case on December 30, 1970. The original complaint attacked the constitutionality of the Georgia Driver Training School License Act, Ga. Laws 1968, pp. 436, 441, Ga. Code Ann.Supp. § 92A–1101 et seq. All of the plaintiffs were either owners or drivers (instructors) at various private driver training schools in and around Atlanta and the defendants were the state officers charged with the duty of enforcement. It was brought as a class action on behalf of the plaintiffs and all others similarly situated.

The only serious bone of contention as stated in the original complaint was the provision of the Act requiring driving instructors at private schools to present evidence of college credits in driver education and safety from an accredited college or university equivalent to those required of driving instructors in the public schools of Georgia. Another section of the Act, § 92A–1109, exempted all public schools and colleges conducting driver programs from the requirements of the Act.

At the three-judge hearing it was urged by defendants, without dispute, that the State Department of Education already had regulations requiring its driving instructors to have a certificate showing three quarter-hours credit in driver education and safety from an accredited college or university, and that the purpose of the present Act was merely to exact of private instructors the same standards as those already required of instructors in the public schools and colleges. This was offered as justification for exempting the public schools and colleges from the statute.

While the action was pending and on September 29, 1970, the plaintiffs filed an amendment alleging that the Act, in addition to being unconstitutional on its face, was also being applied in a discriminatory fashion in that driving instructors in the public schools and colleges where such instruction was offered were not being required to comply with the educational requirements referred to. Subsequent to the filing of this amendment and on October 8, 1970, plaintiffs sought to begin extensive discovery of the defendants for the purpose of showing that the educational requirements were not being required of public school driving instructors. At that time, the Act in question had not become effective so that there was no way of ascertaining how the Act would be applied once it went into effect. For this reason, and since an unconstitutional application of the Act would not be a matter for a three-judge court in any event, the court declined to allow such discovery to proceed at that time but announced that

such ruling would be without prejudice to the right of plaintiffs to bring the matter of an unconstitutional application before a single judge of the court at a later time if it appeared that such discrimination was in fact being practiced.

After a hearing, the three-judge court concluded that the statute was a valid exercise of the police power and was not unconstitutional on its face for any of the reasons assigned.[1] An order of the three-judge court was entered to this effect but with a provision that such ruling should be "without prejudice to plaintiffs' right to contest an unconstitutional application of the Act by state officials should such appear."

Thereafter, on March 23, 1971, plaintiffs filed a motion in the case renewing their contention that the Act was being unconstitutionally applied in that instructors in private driving schools were being charged with violating the educational requirements of the Act and the schools themselves with being put out of business, whereas public school and college driving instructors were not being required to comply with the educational requirements and were not being prosecuted or threatened with prosecution. On this basis the plaintiffs in their motion seek a temporary restraining order and an injunction against the enforcement of the Act.

A full hearing was held on this motion on March 31 and April 1, 1971, at which time evidence was presented and arguments heard.

Without quoting the evidence or belaboring the point, suffice it to say that plaintiffs fully proved their contention

---

1. At the hearing before the single judge, defendants contended that public school instructors were exempt from the provisions of the Act. Though this question was not decided, since it appeared both the private and public school instructors were subject to the same educational requirements the three-judge court did consider the question and suggested that a literal interpretation of the Act did not exempt public school teachers. Except for this construction, the Act might very well have been declared unconstitutional had plaintiffs challenged the Act as providing criminal sanctions for them, while exempting public school instructors from such sanctions for performing the same act. In short, defendants cannot have it both ways: Either public school instructors are included in the Act, in which event they are subject to criminal sanctions, or they are exempt from the Act, in which event the Act might well be successfully challenged as unconstitutional. *See* the three-judge opinion in this case, 320 F.Supp. 706 at 708, 709.

that the Act was not being administered with an even hand. A number of private driving instructors were sworn and, without exception, testified that they had applied for a driver training certificate without the required academic credits and were refused; that, without exception, they were served with criminal citations under the penal provisions of the Act. Ga.Code Ann. § 92A–9926.

■ At the same time, numerous driving instructors from public schools and colleges were also called by plaintiffs and testified that they were conducting driver training classes at their schools, whereupon it appeared that no one of them had completed the three courses required. Some had completed no course, some had completed one, and some had completed two, but none had completed all. It is axiomatic, as Chief Justice Bleckley of Georgia said long ago, that where three are required, two are equal to zero. It thus appears that although the Act is being enforced against private driving instructors, no effort has been made to enforce it against public school instructors. Moreover, officers of the State Patrol who were also called as witnesses candidly stated that they had no intention of enforcing the Act against public school instructors. None of the public school instructors had been given criminal citations.

■■ For all practical purposes, this statement alone would require that the prayers of plaintiffs' motion be granted. One contention of the defendants, however, while patently lacking in merit, may be worthy of comment:[2] While freely admitting that the educational licensing requirements for public school instructors were the same as for private instructors, the excuse offered by the defendants for enforcing the Act against one but not against the other was that,

under another and different regulation of the State Department of Education, a school system was allowed to have 5% of its faculty teaching "out of field"; that is, if a high school system had 20 teachers in all subjects, it was entitled to have one of those 20 teachers teach "out of the field" in which such teacher was primarily qualified. In other words, in a 20-teacher system, one teacher, though holding a certificate in English, might be allowed to teach history, etc. It was the contention of the defendants that this rule or regulation would justify the instances in which their driver training instructors are allowed to teach driver training without having complied with the educational requirements. Defendants, apparently seeing or scenting the noose, disclaimed any intention of denying to private instructors a similar 5% tolerance. The obvious difficulty with this argument and attempted confession, however, is two-fold: First, the Act with which, under defendants' theory, only the plaintiffs must comply, simply permits of no such 5% tolerance; second, private driver training schools teach nothing but driver training. It is impossible, therefore, for them to ever take advantage of this 5% rule unless all of their teachers (or at least 95%) have already complied with the statute; finally, if the 5% rule be applied by the public schools only to their driver training teachers, as distinguished from all teachers (and this is the only comparable class involved), the defendants themselves are not in compliance with their 5% formula. In fact, at the hearing, not one public school driving instructor was presented who was in full compliance.

The court is of the opinion that this argument would not have availed the defendants in any event, but it comes with even less grace in view of the fact that in seeking to uphold the facial constitu-

---

2. Defendants also asserted that this court lacked jurisdiction to enjoin the state criminal proceedings and relied on Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). No action taken by this court is in conflict with *Younger.*

The jurisdiction of this court clearly attached several months prior to the institution of proceedings against these plaintiffs and the injunction today is merely in aid of the prior jurisdiction of the court.

tionality of the statute the defendants and their counsel assured the court that under the Act all instructors were to be treated just alike. Under the evidence now presented, it appears that this simply is not and was not the case.

For the foregoing reasons, plaintiffs are entitled to injunctive relief which (1) enjoins enforcement of the Act against plaintiffs until such time as it shall appear to the court that the Act will not be enforced in a discriminatory manner, and (2) restrains continued prosecution of plaintiffs for violation of the Act under any citation heretofore issued since the filing of this action and while this court retains jurisdiction of this case. Counsel for plaintiffs is directed to prepare, serve upon counsel for defendants, and submit to the court an order to this effect.

It is so ordered.