## HENNEFORD ET AL. *v.* NORTHERN PACIFIC RAILWAY CO.

No. 243. Argued January 11, 1938.—Decided January 31, 1938.

*Mr. R. G. Sharpe,* Assistant Attorney General, with whom *Mr. G. W. Hamilton,* Attorney General, of the State of Washington, was on the brief, for appellants.

*Mr. M. L. Countryman, Jr.,* with whom *Mr. Lorenzo B. daPonte* was on the brief, for appellee.

By leave of Court, *Messrs. Robert Brennan, Leo E. Sievert,* and *Harry H. McElroy* filed a brief on behalf of the Atchison, Topeka & Santa Fe Ry. Co. et al., as *amici curiae,* in support of appellee.

PER CURIAM.

This suit was brought to restrain the enforcement against the Northern Pacific Railway Company of the "compensating tax" imposed by Title IV of Chapter 180

of the Laws of Washington of 1935. The Act levies a tax of 2% for the privilege of using within the State any article of tangible personal property purchased subsequent to April 30, 1935. Cf. *Henneford* v. *Silas Mason Co.*, 300 U. S. 577. The bill alleged that in the necessary maintenance, operation and repair of its railroad, the Company purchases materials, supplies, shop machinery and tools, a part of which are bought in other States and transported into the State of Washington, and that such purchases in other States in May and June, 1935, as shown by the list annexed to the complaint and made a part of it, amounted to $102,204.18, including the cost of transportation. The bill also alleged that the defendants (appellants here) composing the State Tax Commission of the State of Washington had demanded the tax of 2% of this sum and unless enjoined would assess penalties on the tax amounting to $2,044.08, and would cause summary process to be issued for the seizure and sale of the Company's property and that its business would thereby be interfered with to its irreparable damage in the sum of more than $100,000, and that the Company was without an adequate remedy at law. The validity of the tax was assailed under the commerce and due process clauses of the Federal Constitution. An interlocutory injunction was sought and the case was heard in the District Court by three judges. 28 U. S. C. 380. It was stipulated that the case be submitted for final determination on its merits and decree was entered permanently enjoining the enforcement of the tax. 15 F. Supp. 302. The case comes here on appeal.

By its order of October 11, 1937, this Court noted probable jurisdiction and directed the attention of counsel to the questions as to (1) the existence of the required jurisdictional amount and (2) the adequacy of the remedy at law. Appellants concede that in view of the terms of the statute prohibiting any action to recover the tax,

if paid, except as therein provided (Laws of Washington, 1935, c. 180, Title XVIII, § 199) there would be no remedy available at law in the federal court and hence that federal equity jurisdiction would not be ousted. *City Bank Co.* v. *Schnader,* 291 U. S. 24, 29. With respect to the jurisdictional amount, it appears on the face of the complaint that the tax, the enforcement of which is sought to be enjoined, amounted only to $2,044.08 and that the damages alleged would be incurred only by failure to make the required payment. It follows that the requisite jurisdictional amount is not involved. See *Healy* v. *Ratta,* 292 U. S. 263, 268, and cases there cited.

Appellee moves for leave to file an affidavit to supplement the record for the purpose of showing the amount of the tax for succeeding months. The motion is denied. The Court is of the opinion that the case should be decided upon the record before it and that the jurisdiction of the District Court should be tested by the case made by the bill of complaint. The judgment is reversed and the cause is remanded to the District Court with directions to dismiss the bill for want of jurisdiction.

*Reversed.*

Mr. Justice Cardozo took no part in the consideration and decision of this case.