**AMERICAN DISTILLING CO. v. CITY OF SAUSALITO et al.**

No. 27410-H.

District Court, N. D. California, S. D.

July 31, 1947.

Samuel W. Wicklow, Robert W. Harrison and Norman A. Eisner, all of San Francisco, Cal., for plaintiff.

John B. Ehlen, of San Francisco, Cal., for defendant.

LEMMON, District Judge.

Plaintiff herein seeks to enjoin an election by defendant City of Sausalito in its attempt to annex an area, including plaintiff's property, to the municipality. The question of jurisdiction was raised by the court on its own volition. This court being one of limited jurisdiction, the statutory requirements must be shown to exist to enable it to assume jurisdiction.

The bare allegation that plaintiff's rights arise under the laws and Constitution of the United States does not, of itself, conclude jurisdiction. There must also exist the jurisdictional minimum of $3,000. City of Forsyth v. Mountain States Power Co., 9 Cir., 127 F.2d 583. This court must, sua sponte, determine its jurisdiction. Royalty Service Corporation v. City of Los Angeles, 9 Cir., 98 F.2d 551.

Diversity of citizenship is alleged. The averments which point to the amount in dispute are: "That the property of plaintiff within said area, and hereinbefore described, is industrial property of great value. That if said property is brought within the City of Sausalito and subjected to municipal regulations and taxation, its market value will thereby be decreased by an amount greatly in excess of $3,000. That if brought within said municipality the annual taxes imposed upon said property will be increased by an amount in excess of $3,000, over and above the amount now imposed thereon by the County of Marin, the present taxing authority. That the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000."

In determining the amount in controversy where injunctive relief is sought, the value to plaintiff of the right sought to be protected is usually considered the measure. Usually an allegation that the matter in controversy, exclusive of interest and costs, exceeds the sum of $3,000 is sufficient. But if the pleading shows on its face that such allegation is negated by other allegations the court must refuse to assume jurisdiction. City of Forsyth v. Mountain States Power Co., supra. Assuming the allegations of the complaint alleging jurisdiction as being separable, the first is that plaintiff's taxes would be increased by over $3,000 if defendant is not enjoined from proceeding with the election. Plaintiff is not assisted in its necessary showing of the jurisdictional amount in controversy by this allegation since it is generally held that taxes which might be demanded in the future cannot be taken into consideration in determining the amount in controversy. The Court cannot engage in speculation. Risty v. Chicago, R. I. & P. Ry. Co., 8 Cir., 297 F. 710, at page 721; 36 C.J.S., Federal Courts, § 310, p. 531; Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248; Royalty Service Corporation v. Los Angeles, supra. The determination of the amount in controversy is derived primarily from the initial pleadings. 36 C.J.S. Federal Courts, § 310, p. 537. "Jurisdiction is based on actuality, not prophecy, the pressure of a grievance immediately felt and presently measurable in money of the jurisdictional amount. Speculative anticipation that conditions, from which present ills, not now sufficient in amount to give jurisdiction, flow, may in time aggregate the necessary amount, will not support jurisdiction." Vicksburg S. & P. R. Co. v. Nattin, Cir., 58 F.2d 979, 980. A fortiori, at the time of the initial pleading there must be a reasonable expectation that if the relief sought is not granted plaintiff will be damaged in an amount of at least $3,000. Here, it is the amount plaintiff's property will be diminished in value by the result of the act sought to be enjoined. That act is an election. There has been no showing in the pleading, in the supporting affidavit, at the hearing, in the briefs, or that evidence can be produced, to the effect that a diminution in value of plaintiff's property to the jurisdictional amount results from the calling and noticing of the election and the in-

clusion of that property in the proposed plan. The injury which it seeks to escape is one which depends upon the outcome of the election. If the plan is rejected, so far as the record here is concerned, there would be no injury to plaintiff. The injury is subject to a condition precedent which may never occur. Elliott v. Empire Natural Gas Co., 10 Cir., 4 F.2d 493. Since it is as reasonable to assume that if the election sought to be enjoined proceeds to a vote, the annexation sought by the defendant City of Sausalito would be defeated as to assume that it would receive a favorable vote, plaintiff has not shown facts sufficient to present a reasonable expectation of being damaged in any sum, much less the statutory figure alleged in its complaint. In this instance the loss to plaintiff by a decrease in market value which plaintiff assumes would result if the annexation is accomplished is too uncertain and speculative to be considered in conferring jurisdiction upon this court.

The statutory requirements to confer jurisdiction upon this court not being met. (28 U.S.C.A. § 41), it is hereby ordered that the motion for a preliminary injunction be denied.