James A. PAYNES, Appellant,

v.

Dan Dee LEE, Appellee.

No. 22777.

United States Court of Appeals
Fifth Circuit.

May 2, 1967.

Johnnie A. Jones, Baton Rouge, La.,
Norman C. Amaker, New York City, for
appellant.

John F. Rau, Jr., Harvey, La., Richard
G. Van Buskirk, Clinton, La., for appel-
lee.

John Doar, Asst. Atty. Gen., David L.
Norman, Peter S. Smith, Franklin E.
White, Attys., Dept. of Justice, Wash-
ington, D. C., on brief for United States
as amicus curiae.

Before JONES and COLEMAN, Cir-
cuit Judges, and CHRISTENBERRY,
District Judge.

JONES, Circuit Judge:

The appellant, James A. Paynes, seeks reversal of an order dismissing the action brought by him in the United States District Court for the Eastern District of Louisiana, against Daniel W. De Lee and unknown defendants sued as John Doe. The appellant's complaint was met by a motion to dismiss, filed by the appellee De Lee, on the ground that the court had no jurisdiction of the subject matter and on the further ground that the complaint failed to state a claim upon which relief could be granted. The court sustained and granted the motion upon both of the grounds assigned.

In his complaint Paynes alleged that he and De Lee were both residents of Louisiana. Jurisdiction was invoked under 28 U.S.C.A. § 1331[1] as an action arising under the Thirteenth, Fourteenth and Fifteenth Amendments to the United States Constitution and under 42 U.S.C.A. § 1971(b).[2] Jurisdiction was invoked under 28 U.S.C.A. § 1343(3)[3] in that the action is authorized by 42 U.S. C.A. § 1981,[4] the appellant being, so it is pleaded, entitled to the full and equal benefit of all laws and proceedings for the security of person and property. Jurisdiction is invoked under 28 U.S. C.A. § 1343(3), supra note 3, on the ground that the Federal district courts, under 42 U.S.C.A. § 1988,[5] may apply state law where not inconsistent with the Constitution and laws of the United States. Such are the jurisdictional averments of the appellant's complaint.[6]

1. The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States. 28 U.S.C.A. § 1331(a).

2. No person, whether acting under color of law or otherwise, shall intimidate, threaten, coerce, or attempt to intimidate, threaten, or coerce any other person for the purpose of interfering with the right of such other person to vote or to vote as he may choose, or of causing such other person to vote for, or not to vote for, any candidate for .the office of President, Vice President, presidential elector, Member of the Senate, or Member of the House of Representatives, Delegates or Commissioners from the Territories or possessions at any general, special, or primary election held solely or in part for the purpose of selecting or electing any such candidate. 42 U.S.C.A. § 1971(b).

3. The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
* * *
(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. 28 U.S.C.A. § 1343(3).

4. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. 42 U.S.C.A. § 1981.

5. The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty. 42 U.S.C.A. § 1988.

6. Before this Court, on appeal, the United States as amicus curiae urges that the

In his complaint the appellant alleged that he and another member of the Negro race went into the Town of St. Francisville, Louisiana, the seat of the Parish of West Feliciana, on October 17, 1963, for the purpose of qualifying as registered voters for future participation in local, state and national elections, general, special and primary. Although not expressly so stated, it may be inferred that the attempt to register was unavailing. It is pleaded that De Lee "and two other white men" came to appellant's house during the night of October 17, 1963, called him out and intimidated, threatened and coerced appellant against becoming a registered voter. It is asserted in the complaint that De Lee and "the other two unknown white men" assailed appellant in the nighttime and threatened to destroy or to annihilate appellant, his possessions and his family should he again attempt to become a registered voter. The appellant alleged a conspiracy between De Lee and "the other two unknown white men to deprive him of his rights under the Thirteenth, Fourteenth and Fifteenth Amendments; and to intimidate him into surrendering his right to qualify as and become a registered voter," notwithstanding, that said right or privilege had been locally denied "to appellant (either by custom, practice and/or law) because of his race, color and/or previous condition of servitude." Such are the appellant's allegations of his claim. Damages of $500,000 with interest and costs were demanded. The district court, deciding the cause as it was submitted, reached the conclusion that there was no Federal jurisdiction and dismissed the complaint. Paynes v. Lee, D.C.E.D.La.1965, 239 F.Supp. 1019.

The appellant contends and the appellee concedes that Federal jurisdiction may be sustained if granted by a Federal statute even though such statute is not pleaded or relied upon in the district court. There are few decided cases where relief has been sought for damages resulting from a deprivation or attempt to effect a deprivation of civil rights from persons not acting under color of state law,[7] and even fewer cases where recovery has been permitted. It has been said

"Federal civil statutes designed to protect civil rights have now been so restricted and emasculated by the courts that in every instance 'state action' under the fourteenth amendment must be shown before they become operative. Violence against persons solely because of race or color, by individuals not acting under color of state law or authority, is actionable only in the state courts. Mr. Justice Jackson, in the case of Collins v. Hardyman [341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253] stated the rule as follows: Such private discrimination is not inequality before the law unless there is some manipulation of the law or its agencies to give sanction or sanctuary for doing so." Colley, Civil Actions For Damages Arising out of Violations of Civil Rights, 17 Hastings L.J. (Dec. 1965), 189, 210. See 74 Yale L.J. (July 1965) 1462.

The view of Mr. Colley is too pessimistic. The denial of a Federal remedy against persons not acting under color of state law is only in cases where the asserted right stems from the Fourteenth Amendment and the claim is for damages resulting from an abridgment of privileges or immunities or a denial of equal protection of the laws. Such was the case of Collins v. Hardyman, supra. Such was the case in Wallach v. Cannon, 8th Cir. 1966, 357 F.2d 557, and in Shemaitis v. Froemke, 7th Cir. 1951, 189 F.2d 963. The Fourteenth Amendment is only a protection against the encroachment up-

court had jurisdiction under 42 U.S.C.A. § 1985(3), and under 42 U.S.C.A. § 1971 (b) and 18 U.S.C.A. § 594.

7. It is urged that the appellee Lee and his confederates were acting under color of custom or usage. We think it would be difficult if not impossible to sustain this view. Pendent jurisdiction is relied upon, but we think it is unjustified. The conclusion reached, however, makes a decision on these points unnecessary.

on enumerated rights by or with the sanction of a State. The interference with a Federally protected right to vote is something more and something different. Moreover it has had the specific attention of Congress which has provided a specific remedy for interference by private individuals.

■ By the sometimes called Ku Klux Act, a Federal right was created to recover damages for interfering with Federal voting rights as well as for deprivations of equal protection or equal privileges and immunities under the Fourteenth Amendment. It is provided:

"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C.A. § 1985(3).

Federal voting rights arise from the relationship of the individual and the Federal Government, and the right of the citizen to vote in Congressional elections and for Presidential electors may be protected from individual as well as from State interference. See United States v. Williams, 341 U.S. (70) 71 S.Ct. 581, 95 L.Ed. 758. The protected right includes the right to be free from bodily injury in the exercise of the right of franchise. Ex Parte Yarbrough, 110 U.S. 651, 4 S.Ct. 152, 28 L.Ed. 274. The right to be free from threatened harm and the right to be protected from violence for an attempted exercise of a voting right are no less protected than the right to cast a ballot on the day of election.

■ The right to vote in a primary election where a nominee is selected, is an incident of the right to vote in a general election for or against the nominee so elected. United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368. Registration too is a part of the election process and is within the protection of the Federal statutes. See United States v. Wood, 5th Cir. 1961, 295 F.2d 772, cert. den. 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9.

It is suggested that Section 1985(3) affords no remedy to a person not qualified to vote, that is one who has not qualified by having registered. There is no merit in such a contention. Registration is only for the identification of those who are qualified and is not of itself qualification. See Davis v. City Council of Dawson, 90 Ga. 817, 17 S.E. 110; Simmons v. Byrd, 192 Ind. 274, 136 N.E. 14.

■ Without saying that Federal jurisdiction might not be invoked by Paynes to recover damages for the injury he asserts was inflicted upon him by Lee under some one or more of other Federal statutes, we conclude that such jurisdiction is clearly conferred by 42

U.S.C.A. § 1985(3), and it was error to grant the motion to dismiss. The judgment of the district court will be reversed and the cause remanded for further proceedings.

Reversed and remanded.