Clyde **D. GARLAND, Sr.,** Plaintiff,

v.

**HUMBLE OIL & REFINING COMPANY,** Defendant.

Civ. A. No. 2412.

United States District Court

E. D. Tennessee,
Northeastern Division.

Oct. 28, 1969.

C. C. Street, Elizabethton, Tenn., John D. Goodin, Johnson City, Tenn., for plaintiff.

Ferdinand Powell, Jr., Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a removed, 28 U.S.C. § 1441 (a), diversity, 28 U.S.C. § 1332(a) (1), (c), action. The plaintiff was granted in the state court a temporary injunc-

tion, requiring the defendant to continue to perform its agreement with him, and now seeks to have this injunction made permanent as well as the recovery of damages for the claimed unauthorized termination by the defendant of such agreement. The plaintiff has moved for a remand of this action to the state court whence it came, on the ground that it was removed improvidently and without jurisdiction, 28 U.S.C. § 1447(c), because of the insufficiency of the amount in controversy. 28 U.S.C. § 1332(a).

Such amount here is the value to the plaintiff of the right he seeks to protect, Hague v. Committee for Industrial Organization (1939), 307 U.S. 496, 508, 59 S.Ct. 954, 83 L.Ed. 1423, 1432 (headnote 4), through injunctive relief. Such value must be measurable or estimable by some recognized pecuniary standard, Healy v. Ratta (1934), 292 U.S. 263, 268, 54 S.Ct. 700, 78 L.Ed. 1248, 1252 (headnote 2).

In his affidavit of August 28, 1969, the plaintiff limits his present claim to such damages as might result from the lapse in services to the customers he has served over the many years the aforementioned agreement has been in effect. This, however, will not preclude any future augmentation of his present claim which may occur in the ordinary course of events. Clark v. Paul Gray (1939), 306 U.S. 583, 589, 59 S.Ct. 744, 83 L.Ed. 1001, 1007–1008 (headnote 6). Another of the defendant's dealers estimates, in an affidavit, the potential value of the plaintiff's right, under his present contentions, at a minimum of $20,000.00, but at no more than $4,000.00 if those contentions are not substantiated. The difficulty of measuring with exactness the value of the contractual right the plaintiff seeks to protect cannot defeat this Court's jurisdiction. Giles v. Harris (1903), 189 U.S. 475, 485, 23 S.Ct. 639, 47 L.Ed. 909, 911.

Ordinarily, the value of a right sought to be protected by injunctive relief is determined from the amount of the claim in the complaint. Henneford

v. Northern P. R. Co. (1938), 303 U.S. 17, 19, 58 S.Ct. 415, 82 L.Ed. 619, 621 (headnote 1); Horton v. Liberty Mutual Ins. Co. (1961), 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890, 894 [4]. But, as the (chancery bill of) complaint herein specifies no particular amount in controversy, such amount must necessarily be determined from the removal petition. Davenport v. Procter & Gamble Mfg. Co., C.A.2 (1957), 241 F.2d 511, 514 [6], 63 A.L.R.2d 1350, cited in State of Alabama ex rel. Flowers v. Robinson, D.C.Ala. (1963), 220 F.Supp. 293, 297 [2]. Therein, the defendant verifies that the amount in controversy exceeds, exclusive of interest and cost, the value of $10,000.00. 28 U.S.C. § 1332(a).

■■■ While the plaintiff had a right to choose initially the state court as the forum for this action, the defendant has a subsequent equal right to resort herein to the federal court by compliance with the removal statute, transferring indirectly original jurisdiction from the state to the federal court. Bushnell v. Kennedy (1870), 76 U.S. (9 Wall.) 387, 19 L.Ed. 736, 738. Now that the plaintiff has challenged the jurisdictional amount alleged in its removal petition herein by the defendant, the burden is on the defendant to establish this Court's derivative jurisdiction. Wilson v. Republic Iron & S. Co. (1921), 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144, 148 (headnote 7). Upon a consideration of the motion to remand, the pleadings, the affidavit and counteraffidavit on file, Mackay v. Uinta Development Co. (1913), 229 U.S. 173, 176, 33 S.Ct. 638, 57 L.Ed. 1138, 1139, the Court finds it has jurisdiction of the parties herein and the subject matter hereof and hereby DENIES, Re Metropolitan Trust Co. (1910), 218 U.S. 312, 318, 31 S.Ct. 18, 54 L.Ed. 1051, 1054 (headnote 1), the plaintiff's motion to remand.

As the complaint is far from simple, concise and direct, Rule 8(e) (1), Federal Rules of Civil Procedure, the plaintiff hereby is ORDERED to replead, Rule 81 (c), Federal Rules of Civil Procedure, within 20 days in the manner prescribed by Rule 8(a), Federal Rules of Civil Procedure. The defendant shall thereafter respond within the time prescribed. All other matters are RESERVED, including whether the state court had jurisdiction of this action, A. J. Curtis & Company v. D. W. Falls, Inc., C.A.3 (1962), 305 F.2d 811, 814 [7–9], the propriety of the issuance by a general sessions judge of the fiat for injunction herein, see Barron & Holtzoff (Rules ed.; Wright) 484, Injunctions § 1431; and the adequacy of the injunction bond.