Thomas H. MAY and David C. Vigil, for themselves and on behalf of all others similarly situated, Plaintiffs,

v.

The SUPREME COURT OF the STATE OF COLORADO et al., Defendants.

Civ. A. No. C-5528.

United States District Court, D. Colorado.

April 5, 1974.

David C. Vigil, Denver, Colo., for plaintiffs.

John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Irvin M. Kent, and Bernard S. Kamine, Asst. Attys. Gen., Denver, Colo., for defendants.

Carl W. Gellenthien, Pueblo, Colo., on behalf of the Colo. Bar Ass'n. as amicus curiae.

## OPINION AND ORDER

CHILSON, District Judge.

This action was initiated by the two Plaintiffs who are attorneys admitted to practice law in the State of Colorado, seeking to enjoin the enforcement of a portion of Rule 227 adopted by the Supreme Court of Colorado on October 25, 1973.

This Rule, in pertinent parts, provides:

"(1) Every attorney admitted to practice in Colorado (including judges, those admitted on a provisional or temporary basis and those admitted as judge advocate) shall pay an annual fee of $20.00; provided that the fee of any attorney whose first admission to practice is within the preceding five years shall be $5.00. The annual fee shall be collected by the Clerk of the Supreme Court of Colorado, who shall send and receive, or cause to be sent and received the notices and statements provided for hereafter. The fee shall be used only to defray the costs of disciplinary administration and enforcement, the costs incurred with respect to unauthorized practice matters, and the expenses incurred in the administration of this rule. On or before August 1 of each year, the Chief Justice shall prepare, certify and file with the Clerk a written report of the receipts and disbursements under this rule during the preceding fiscal year ending on June 30th. These reports shall be public documents.

(2) Any attorney who fails to timely pay the fee required under (1) above shall be summarily suspended,

provided a notice of delinquency has been issued by the clerk and mailed to the attorney by certified mail addressed to the attorney's last known business address at least 30 days prior to such suspension, unless an excuse has been granted on grounds of financial hardship.

(3) Any attorney suspended under the provisions of (2) above shall be reinstated without further order upon payment of all arrearages to the date of the request for reinstatement."

A complete copy of the Rule is attached to this opinion as an appendix.

The Plaintiffs freely admit that the Colorado Supreme Court has the inherent power to discipline attorneys and regulate unauthorized practice of law, but contend that the Supreme Court is without authority to impose a fee upon the attorneys for such purposes and to suspend them from the practice of law for failure to pay the fee.

They assert that only the State Legislature has the power to impose such a fee to obtain funds to carry out the purposes of the rule; that the imposition of the fee and the suspension provisions of the rule violate their rights to due process and equal protection of the laws guaranteed by the Fourteenth Amendment to the federal constitution and seek to enjoin the enforcement of those portions of the rule.

The matter presently before the Court is the Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and failure of the complaint to state a claim upon which relief can be granted.

The complaint alleges jurisdiction of this Court pursuant to Title 28 U.S.C. § 1331, which confers jurisdiction in civil actions involving federal questions wherein the amount in controversy exceeds $10,000.

Briefs have been filed in support of and in opposition to the motion to dismiss and the Court has heard oral argument by counsel and is duly advised.

*Amount in Controversy*

Unless the amount in controversy exceeds the sum of $10,000, this Court is without jurisdiction of the subject matter of this action.

The parties did not discuss this question in their briefs, but during the course of the oral argument, the Court inquired of Plaintiffs' counsel the basis for this allegation. Plaintiffs' counsel, in response, stated that the allegation of the amount in controversy was based on the fact that if the Plaintiffs did not pay the $20.00 annual fee, they would be suspended from the practice of law and that the damages arising from such suspension would be in excess of $10,000.

 Although the Defendants did not question the amount in controversy, when it appears that the jurisdictional amount may not be involved it becomes the duty of the Court to raise the question sua sponte. Subject matter jurisdiction cannot be waived or conferred by the consent, estoppel or laches of the parties. United States v. Corrick, 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263 (1936); F and S Construction Company v. Jensen, 337 F.2d 160 (10th Cir. 1964); Roberson v. Harris, 393 F. 2d 123 (8th Cir. 1968).

Examination of the case law reveals the great weight of authority to be that in suits to enjoin enforcement of taxes and license fees, the amount in controversy is the amount of the tax or fee imposed and not the damage or loss which will be incurred by failure to pay the fee.

In Healy v. Ratta, 292 U.S. 263, 54 S. Ct. 700, 78 L.Ed. 1248 (1934), the plaintiff sought to enjoin the enforcement of a statewide license tax on salesmen on the ground that it was a denial of equal protection of the laws in violation of the federal constitution. The Court held that the test of the amount in controversy is the total amount of the tax involved and not the value of the right to conduct the business.

Henneford v. Northern Pacific Railway Company, 303 U.S. 17, 58 S.Ct. 415,

82 L.Ed. 619 (1938), was a suit by Northern Pacific to restrain the enforcement of a tax imposed by the State of Washington. The validity of the tax was assailed under the commerce and due process clauses of the federal constitution. Plaintiff alleged that its business would be damaged to the extent of more than $100,000 as a consequence of its failure to pay the tax. The Court held the amount in controversy was the amount of the tax and not the damages resulting from the failure to pay the tax, and ordered the action dismissed for lack of the jurisdictional amount.

See also Vicksburg S. and P. Railroad Co. v. Nattin, 58 F.2d 979 (5th Cir. 1932), where the attack on the tax was that it violated equal protection rights under the Fourteenth Amendment; Salander v. City of Tacoma, 208 F. 427, (D.C.1913), in which the tax was alleged to be in violation of the plaintiff's rights under the Fourteenth Amendment and that the tax deprived the plaintiff of due process and equal protection of the law; Southern Fruit Co., Inc. v. Porter, 21 F.Supp. 1011 (W.D.S.C.1937), in which plaintiff sought to enjoin a license tax on trucks as being in violation of his rights to equal protection of the laws as guaranteed by the Fourteenth Amendment. In each of these cases it was held that the amount of the tax is the measure of the amount in controversy for jurisdictional purposes.

■ The Court concludes that the action should be dismissed for lack of subject matter jurisdiction.

*Assuming jurisdiction, does the complaint state a federal question claim upon which relief can be granted?*

Although the court's finding of lack of subject matter jurisdiction is dispositive of the motion to dismiss, the Court elects to consider also whether or not the complaint states a claim or claims upon which relief can be granted.

The complaint alleges that the fee and suspension provisions of the rule are void and unenforceable on any one of four grounds, each of which, if separately stated and numbered, would constitute a separate claim. These claims are:

1. That the rule violates Chapter 12 of the 1963 C.R.S. 12–1–1 and 12–1–18 which provides that an attorney may be stricken from the roll of attorneys only for malconduct in his office (Complaint, Para. 10).

2. There is no provision of the constitution or statutes of the State of Colorado which permit the Colorado Supreme Court to impose such a license tax (Complaint, Para. 12).

3. That the imposition and collection of the "tax" by the Colorado Supreme Court is a usurpation of legislative power and in violation of the doctrine of separation of powers set forth in the Colorado Constitution, and that such violation constitutes an invasion of the Plaintiffs' due process and equal protection rights under the Fourteenth Amendment to the federal constitution (Complaint, Para. 13).

4. That the difference in treatment accorded lawyers who pay the fee and those who do not constitutes invidious discrimination against those who do not pay the fee and is in violation of due process and equal protection rights under the Fourteenth Amendment to the federal constitution (Complaint, Para. 14).

■ The first and second claims are state claims and do not raise a federal question. The third and fourth claims are claims based on a federal question. If either or both of the federal question claims state a claim upon which relief can be granted, this Court may or may not exercise pendent jurisdiction of the state claims, a question we do not now decide.

If neither of the federal question claims state a claim upon which relief can be granted, this Court will have no jurisdiction to determine the two state claims. Emmons v. Smitt, 149 F.2d 869 at 872 (6th Cir. 1945). We, therefore, turn our attention to the federal question claims.

*Third Claim*

From Paragraph 13 of the complaint, and from Plaintiffs' brief, it appears that Plaintiffs assert that the $20.00 fee imposed by Rule 227 is a "tax"; that Article III of the Colorado Constitution provides for separation of powers among the legislative, judicial and executive branches of the state government; that Article V, Sections 31, 32 and 35 of the Colorado Constitution delegates to the Legislature the power to raise revenue and appropriate funds for all three branches; and that the Supreme Court, in imposing the $20.00 annual fee, usurped the tax powers delegated to the State Legislature.

Upon these allegations, that the Colorado Supreme Court has violated the Colorado constitutional separation of powers, the Plaintiffs make the following federal question claim:

"To violate the separation of powers ordained in the Constitution of the State of Colorado is to deny due process of law and equal protection of the laws to the objects of that violation. Although the federal principle of separation of powers is not binding, as such, on the states, nevertheless, the deviation by the state in a particular case from its established constitutional scheme and the legal process pursuant thereto denies due process of law and denies the equal protection of the laws to the victim of that deviation." (Plaintiffs' brief, pages 11 and 12.)

In support of this assertion Plaintiffs cite two cases, Minder v. Georgia, 183 U.S. 559, 22 S.Ct. 224, 46 L.Ed 328 (1902), and Republic Pictures Corp. v. Kappler, 151 F.2d 543 (8th Cir. 1945).

Neither case supports the Plaintiffs' statement. Neither case involved an alleged violation of a state's constitutional separation of powers and neither indicate that such a violation would be a violation of due process and equal protection under the Fourteenth Amendment.

In Minder v. Georgia, Minder was convicted of murder in the state court and appealed his conviction to the United States Supreme Court, alleging a violation of his Fourteenth Amendment rights to equal protection of the laws and due process because out-of-state witnesses for Minder refused to appear and testify, and Georgia law was powerless to require their attendance or to obtain their depositions. The Supreme Court said:

" . . . Because it not within the power of the Georgia courts to compel the attendance of witnesses who are beyond the limits of the state, or because the taking or use of depositions of witnesses so situated in criminal cases on behalf of defendants is not provided for, and may not be recognized in Georgia, we cannot interfere with the administration of justice in that state on the ground of a violation of the 14th Amendment in these particulars."

*Republic Pictures* involved an action for overtime pay under the Federal Fair Labor Standards Act. The defendant contended it was not engaged in interstate commerce and that the Iowa statute of limitations barred recovery. There was involved no question of a violation of state separation of powers and the effect of such violation on Fourteenth Amendment rights.

Assuming, without deciding, that the Colorado Supreme Court violated the separation of powers provisions of the Constitution by imposing the annual fee and suspension for non-payment, we have found no authority which could be construed to support Plaintiffs' contention that that, in and of itself " . . . is to deny due process of law and equal protection of the laws . . ." to the Plaintiffs.

■ The concept of separation of powers embodied in the federal constitution is not mandatory in state governments and is not enforceable against the states as a matter of constitutional law. Sweezy v. New Hampshire, 354 U.S. 234, 77 S.Ct. 1203, 1 L.Ed.2d 1311 (1957); Benoit v. Gardner, 351 F.2d 846 (1st Cir. 1965); Snell v. Wyman, 281 F.Supp. 853 (S.D.N.Y.1968).

█ It would follow that any violations by a branch of the state government of a state's constitutional separation of powers is not a violation of the federal constitution and is a matter solely of state concern.

*Fourth Claim*

The fourth claim, that the difference in treatment accorded those who pay the fee and those who do not is violative of due process and equal protection rights under the Fourteenth Amendment, is without merit.

█ Rules requiring a practicing lawyer to pay reasonable annual dues and providing suspension for non-payment do not violate the Fourteenth Amendment to the federal constitution. Lathrop v. Donohue, 367 U.S. 820, 81 S. Ct. 1826, 6 L.Ed.2d 1191 (1961); Cantor v. Supreme Court of Pennsylvania, 353 F.Supp. 1307 (E.D.Pa.1973).

The fourth claim does not state a claim upon which relief can be granted.

*Lack of Adequate Remedy*

In the first paragraph of the complaint Plaintiffs refer to 28 U.S.C. § 1341, which provides:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

The Court is somewhat uncertain as to why this section is mentioned.

█ To eliminate any uncertainties as to the Court's ruling in this matter, the Court concludes that the courts of the State of Colorado are open to the Plaintiffs to litigate all of their attacks upon the rule, and if they believe that their federal rights have been denied to them by the decisions of the state courts, they have the right to apply to the United States Supreme Court for a writ of certiorari to review those decisions with respect to their claimed federal rights. The Court is of the opinion and concludes that a plain, speedy and efficient remedy may be had by the Plaintiffs in the courts of the State of Colorado.

CONCLUSION

The Court concludes that it does not have subject matter jurisdiction of this action; that the complaint states no federal question claim upon which relief can be granted; that, therefore, this Court is without jurisdiction to hear the claims based on state law and that the complaint, in its entirety, should be dismissed.

IT IS, THEREFORE, ORDERED that the Defendants' motion to dismiss the complaint is hereby sustained; that judgment of dismissal of the complaint shall forthwith enter, and that Defendants have judgment against the Plaintiffs for their costs, to be taxed by the Clerk of the Court upon the filing of a bill of costs.

APPENDIX

227. Registration Fee

(1) Every attorney admitted to practice in Colorado (including judges, those admitted on a provisional or temporary basis and those admitted as judge advocate) shall pay an annual fee of $20.00; provided that the fee of any attorney whose first admission to practice is within the preceding five years shall be $5.-00. The annual fee shall be collected by the Clerk of the Supreme Court of Colorado, who shall send and receive, or cause to be sent and received the notices and statements provided for hereafter. The fee shall be used only to defray the costs of disciplinary administration and enforcement, the costs incurred with respect to unauthorized practice matters, and the expenses incurred in the administration of this rule. On or before August 1 of each year, the Chief Justice shall prepare, certify and file with the Clerk a written report of the receipts and disbursements under this rule during the preceding fiscal year ending on June 30th. These reports shall be public documents.

(2) Any attorney who fails to timely pay the fee required under (1) above shall be summarily suspended, provided a notice of delinquency has been issued by the clerk and mailed to the attorney by certified mail addressed to the attorney's last known business address at least 30 days prior to such suspension, unless an excuse has been granted on grounds of financial hardship.

(3) Any attorney suspended under the provisions of (2) above shall be reinstated without further order upon payment of all arrearages to the date of the request for reinstatement.

(4) All persons required by this rule to pay an annual fee shall on or before January 2 of every year, commencing January 2, 1974, file a statement, on a form prescribed by the Clerk, setting forth (a) date of admission to the Colorado Supreme Court, (b) current residence and office addresses and (c) such other information as the Clerk may from time to time direct. In addition to such statement, every attorney shall file a supplemental statement of change in the information previously submitted within 30 days of such change. All persons first becoming subject to this rule by admission after January 2, 1974 shall file the statement required by this rule at the time of admission, but no annual fee shall be payable until the 1st day of January next following such admission.

(5) Within 20 days of the receipt of each fee and of each statement or supplement thereto filed by an attorney in accordance with the provisions of (4) above, receipt thereof shall be acknowledged, on a form prescribed by the Clerk, in order to enable the attorney on request to demonstrate compliance with the requirement of (1) and (4) above.

(6) Any attorney who fails to file the statement or supplement thereto in accordance with the requirements of (4) above shall be summarily suspended until compliance, whereupon there shall be reinstatement without further order; provided such suspension shall not occur until 30 days following the giving of notice as provided in (2) above.

(7) An attorney who has retired or is not engaged in practice shall file a notice in writing that he or she desires to transfer to inactive status and discontinue the practice of law. Upon the filing of such notice, the attorney shall no longer be eligible to practice law but shall continue to file the statements required by this rule for six years thereafter in order to be located in the event of complaints concerning conduct prior to transfer to inactive status. The attorney, however, will be relieved from the payment of the fee imposed by this rule upon active practitioners.

(8) Upon the filing of a notice to transfer to inactive status, an attorney shall be removed from the roll of those classified as active until and unless a request for reinstatement is made and granted. Reinstatement shall be granted, unless the attorney is subject to an outstanding order of suspension or disbarment, upon the payment of any assessment in effect for the year the request is made and any arrearages accumulated prior to transfer to inactive status.

Adopted and effective this 25th day of October, A.D. 1973, by the Court En Banc.