**Thomas H. MAY and David C. Vigil, for themselves and on behalf of all others similarly situated, Appellants,**

v.

**The SUPREME COURT OF the STATE OF COLORADO et al., Appellees.**

**No. 74–1183.**

United States Court of Appeals, Tenth Circuit.

Argued Nov. 18, 1974.

Decided Dec. 31, 1974.

David C. Vigil, Denver, Colo., for appellants.

Irvin M. Kent, Asst. Atty. Gen. (John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., and Eugene F. Megyesy, Jr., Asst. Atty. Gen., with him on the brief), for appellees.

Before LEWIS, Chief Judge, and SETH and BARRETT, Circuit Judges.

SETH, Circuit Judge.

Plaintiffs-appellants filed suit on behalf of themselves and all others similarly situated seeking to enjoin the enforcement of Rule 227, Colorado Rules of Civil Procedure, and asking a refund of all monies paid by members of the class pursuant to the rule. Rule 227 requires that an annual fee of twenty dollars (five dollars in certain instances) be paid to the Clerk of the Supreme Court of Colorado by each lawyer admitted to practice in the state. The funds so collected are to be used by the Colorado Supreme Court only to "defray the costs of disciplinary administration and en-

forcement" proceedings brought against lawyers. The rule also provides for suspension from practice if the fee is not paid.

Defendants filed a motion to dismiss, asserting lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim upon which relief could be granted. The question of convening a three-judge court was also argued by both sides. After hearings on the motions, the trial judge dismissed the action for lack of the required amount in controversy, and further found that the complaint did not state a substantial federal question.

■ The initial complaint alleged jurisdiction under 28 U.S.C. §§ 1331 and 1341. After the district judge ruled on the motions referred to above, the plaintiffs tendered an amended complaint alleging jurisdiction under 28 U.S.C. § 1343. On this appeal each of these sections is urged as a basis for jurisdiction. We will consider them all, since federal jurisdiction may be sustained on the basis of a statute not relied on or alleged in the pleadings. Sikora v. Brenner, 126 U.S.App.D.C. 357, 379 F.2d 134; Paynes v. Lee, 377 F.2d 61 (5th Cir.).

■ In reliance on 28 U.S.C. § 1341, the appellants are faced with the trial court's finding that there was a plain, speedy, and efficient remedy available in the Colorado courts, assuming that the fee required by Rule 227 is a "tax." But in any event 28 U.S.C. § 1341 does not operate to confer jurisdiction but instead limits jurisdiction which might otherwise exist. 28 U.S.C. § 1331 asserted by plaintiffs as a basis for jurisdiction is, of course, the federal question section and jurisdiction is there provided, where the amount in controversy exceeds $10,000 and the action "arises under the Constitution, laws, or treaties of the United States." As analyzed by the trial court the complaint presents two state claims and two federal claims. The federal claims with which we are here concerned are:

1. That the imposition and collection of the "tax" by the Colorado Supreme

Court is a usurpation of legislative power and in violation of the doctrine of separation of powers set forth in the Colorado Constitution, and that such violation constitutes an invasion of the plaintiff's due process and equal protection rights under the Fourteenth Amendment to the United States Constitution.

2. That the difference in treatment accorded lawyers who pay the fee and those who do not constitutes invidious discrimination against those who do not pay the fee and is in violation of due process and equal protection rights under the Fourteenth Amendment to the United States Constitution.

The amount in controversy requirement under 28 U.S.C. § 1331 has been considered in a number of cases involving fees and assessments. In the case before us the plaintiffs will be suspended from the practice of law if they do not pay the fee. Plaintiffs assert that the amount in controversy is not the fee but the value of their right to practice law, and this is more than $10,000. The trial court found to the contrary, and in so doing it followed the rule set forth in Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248. It thus held that the amount in controversy is the amount of the tax or fee imposed rather than the financial effect of failure to pay the fee. *See also* Henneford v. Northern Pacific Ry. Co., 303 U.S. 17, 58 S.Ct. 415, 82 L.Ed. 619; Vicksburg, S. & P. Ry. Co. v. Nattin, 58 F.2d 979 (5th Cir.).

Plaintiffs assert on appeal that in cases where an injunction is sought the amount in controversy is measured by the value of the right sought to be protected. Some case law supports this as a general proposition: American Distilling Co. v. City of Sausalito, 73 F.Supp. 520 (N.D.Cal.); Caron Corp. v. Wolf Drug Co., 40 F.Supp. 103 (D.N.J.). But we are compelled to a different result by Healy v. Ratta. In Southern Fruit Co. v. Porter, 21 F.Supp. 1011 (W.D.S.C.), where an injunction was sought against a license and tax imposed on trucks, the court, in relying on Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, found that the

amount in controversy was the amount of tax imposed and held the jurisdictional amount was not present. Mention must also be made of those cases where injunctions have been sought against business regulations imposed by state statutes or municipal ordinances. *See* McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; City of Lawton, Oklahoma v. Chapman, 257 F.2d 601 (10th Cir.). Petitioners in these cases asserted that the amount in controversy should be tested by the value of their businesses. The courts reasoned that the right being protected in these cases was the right to be free of the challenged regulations. The Court in *McNutt* said: "The value of that right may be measured by the loss, if any, which would follow the enforcement of the rules prescribed." Under these authorities, in the case before us the damage which results from being required to comply with Rule 227 is the amount of the fee, thus the jurisdictional amount is not met. *See also* Gibson v. Jeffers, 478 F.2d 216 (10th Cir.).

28 U.S.C. § 1343(3) gives the district courts original jurisdiction of actions:

"To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; . . . ."

Jurisdiction under this section is without regard to the amount in controversy. Howard v. Higgins, 379 F.2d 227 (10th Cir.). Plaintiffs have presented two claims which they urge establish jurisdiction under section 1343(3). One such claim is the allegation that the effect of Rule 227 is invidious discrimination against lawyers who do not pay the fee as opposed to those who do pay. This they assert violates the rights to due process and equal protection guaranteed by the Fourteenth Amendment to the United States Constitution. Classifica-

tions are not created by the Rule. This claim is patently without merit, and will not support jurisdiction under section 1343(3).

▮▮▮ Plaintiffs' second 28 U.S.C. § 1343 claim is based on the doctrine of separation of powers. Plaintiffs argue that imposition and collection of a tax by the Colorado Supreme Court usurps the powers of the legislative branch in violation of the Colorado Constitution's provisions for the separation of powers. This violation is offered as a violation of the Fourteenth Amendment's guarantees of due process and equal protection. The principle of separation of powers is not enforceable against the states as a matter of federal constitutional law. This was the holding of the Supreme Court in Sweezy v. New Hampshire, 354 U.S. 234, 77 S.Ct. 1203, 1 L.Ed.2d 1311, which is the controlling authority on this question. See also Benoit v. Gardner, 351 F.2d 846 (1st Cir.); Snell v. Wyman, 281 F.Supp. 853 (S.D.N.Y.), aff'd 393 U.S. 323, 89 S.Ct. 553, 21 L.Ed.2d 511. In accordance with the holding in Sweezy, we find that plaintiffs' separation of powers claim is not a federal claim, and that federal jurisdiction under section 1343(3) is not available.

There is present no substantial federal question, and the trial judge correctly dismissed the complaint. See Cantor v. Supreme Court of Pennsylvania, 353 F.Supp. 1307 (E.D.Pa.), aff'd 487 F.2d 1394 (3d Cir.).

Affirmed.

BARRETT, Circuit Judge (concurring):

I fully concur in the excellent opinion by Judge Seth and in the result reached.

I believe that the appellants' complaint and cause of action is barred, and accordingly further subject to dismissal, in that the Eleventh Amendment to the Constitution of the United States applies. The language of the Amendment is:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign State.

The parties have not presented to us any Colorado statute which grants consent in the nature of waiver of its sovereign immunity in any suits against the defendants-appellees named here. The State of Colorado has affirmatively alleged and argued on appeal that no such statutory waiver exists. Suits against state boards, agencies, departments or branches, rather than against individuals serving and/or working in official capacities with such boards, agencies, departments or branches are unquestioned suits against a sovereign state if any part of the relief prayed for is money award. State Highway Commission of Wyoming v. Utah Construction Company, 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1929). The Court there held that the Commission was but the arm or alter ego of the State and that no claim had been made that members of the Commission are personally liable. Where there is no clear intent in a state waiver of immunity statute to subject state agencies, boards or commissions to actions for money awards, together with other relief, in Federal Courts, such suits cannot be maintained. Kennecott Copper Corp. v. State Tax Commission, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946); Ford Motor Co. v. Department of Treasury of Indiana, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); Great Northern Insurance Co. v. Read, Insurance Commissioner, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944); Murray, et al. v. Wilson Distilling Company, 213 U.S. 151, 29 S.Ct. 458, 53 L.Ed. 742 (1909); Williams v. Eaton, 443 F.2d 422 (10th Cir. 1971). In the latter cited case, we also held that unless there is law authorizing the Attorney General of a state to waive the immunity conferred by the Eleventh Amendment, he cannot do so by pleading to the complaint and by making a general appearance in defense. 443 F.2d 422 at 428.

Jurisdiction has reference to the power of the court over the subject matter, over the res or property in contest, and to the authority of the court to render

the judgment or decree it is asked to render. Illinois Central Railroad Company v. Adams, 180 U.S. 28, 21 S.Ct. 251, 45 L.Ed. 410 (1901); 20 Am.Jur.2d, Courts, § 88, p. 450.

It is fundamental that the court must, on its own motion, determine that it has jurisdiction over the case before it. Minnesota v. Hitchcock, 185 U.S. 373, 22 S.Ct. 650, 46 L.Ed. 954 (1902); 3 A.L.R.2d 662. Jurisdiction in civil cases cannot be conferred by consent of the parties. Industrial Addition Association v. Commissioner of Internal Revenue, 323 U.S. 310, 65 S.Ct. 289, 89 L.Ed. 260 (1945); 175 A.L.R. 523. The jurisdiction of every court is limited by the principle of immunity of sovereign powers or their diplomatic representatives. United States v. Sherwood, 312 U.S. 584, 67 S.Ct. 767, 85 L.Ed. 1058 (1941).

This suit does not name any individuals as parties defendants. The action is against the Colorado Supreme Court, its unnamed Justices, its unnamed Clerk and the unnamed Colorado State Court Administrator. The defendants are not "persons" as contemplated under the Civil Rights Act. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Coopersmith v. Supreme Court, State of Colorado, 465 F.2d 993 (10th Cir. 1972). The Complaint makes it clear that the unnamed officials of the State of Colorado were at all times acting in their respective official capacities. It is firmly established that judges are cloaked with absolute official immunity or official privilege while exercising their official judicial functions and duties. Doe v. McMillan, 412 U.S. 306, 93 S.Ct. 2018, 36 L.Ed.2d 912 (1973); Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Smith v. Losee, 485 F.2d 334 (10th Cir. 1973), cert. denied 417 U.S. 908, 94 S.Ct. 2604, 41 L.Ed.2d 212 (1974).

In Smith v. Losee, *supra*, we specially recognized that state or local officials other than judges are entitled to a privilege doctrine in relation to acts or duties performed in the scope of their official power. We there stated, in part, "We have described the absolute privilege of legislators, judges, *judicial officers*, and

some executives which may be asserted as a plea in bar." 485 F.2d 334 at 342.

In Kostal v. Stoner, 292 F.2d 492 (10th Cir. 1961), we held that a district attorney, as a quasi-judicial officer, is immune from a damage suit while acting within the scope of his official duties. The same rule applies to each of the unnamed officials in this proceeding in addition to the Justices of the Colorado Supreme Court.

While the action does not seek personal money judgment from the unnamed officials, it does, inter alia, seek a refund of moneys allegedly paid to the State through the Clerk of the Colorado Supreme Court. The suit is, then, in essence a suit against the sovereign State of Colorado for the recovery of money. Under these circumstances the doctrine of sovereign immunity applies, even though the unnamed state officials are nominal defendants. Ford Motor Co. v. Department of Treasury of Indiana, *supra*; Williams v. Eaton, *supra*; Hamilton Manufacturing Company v. Trustees of State Colleges in Colorado, 356 F.2d 599 (10th Cir. 1966).