**Ronald Warren LAFORM, Plaintiff,**

v.

**STATE of NEVADA DEPARTMENT OF TAXATION, Defendants.**

**No. CV–N–94–796–DWH.**

United States District Court, D. Nevada.

Jan. 9, 1996.

Ronald W. LaForm, Carson City, NV, pro per.

Frankie Sue Del Papa, Attorney General, State of Nevada, Kerry L. Schomer, Deputy Attorney General. State of Nevada, Carson City, NV, for Defendants.

### *ORDER*

HAGEN, District Judge.

Before the court is defendants' motion to dismiss the complaint. For the reasons stat-

ed below, defendants' motion to dismiss is granted.

In 1992, plaintiff Ronald Warren Laform was convicted of two state law counts of Possession of a Trafficking Quantity of a Controlled Substance. He was sentenced to ten years and a fine of one hundred thousand dollars, and three years and a fine of fifty thousand dollars, respectively. A tax deficiency determination conducted by the Nevada Department of Taxation on June 19, 1992 resulted in a finding that Mr. Laform was delinquent in the payment of taxes on the controlled substances which were the subject of his convictions. The assessment was in the amount of $464,000.00, which included a civil penalty[1]. On October 1, 1992, plaintiff entered into a stipulation with the state in which they agreed to the amount of $8000.00 as payment in full of plaintiff's debt to the state in this matter. *See Plaintiff's Reply Brief p. 2.*

Plaintiff's complaint alleges that by assessing tax deficiencies and penalties on him for the sale of controlled substances after his conviction and sentencing for the same controlled substances, the State of Nevada has violated the Double Jeopardy clause of the United States Constitution. He requests that the tax be "dismissed" *See Plaintiff's Complaint.*

Defendant argues that the Tax Injunction Act, 28 U.S.C. 1341, and principles of comity enunciated in relevant caselaw, preclude subject matter jurisdiction in this court for plaintiff's claims. Defendant further argues that because plaintiff has not alleged that he was criminally prosecuted more than once for the same offense, he has failed to state a claim under the Double Jeopardy clause.

*Subject Matter Jurisdiction*

The Tax Injunction Act, 28 U.S.C. 1341 provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

Plaintiff has sought "dismissal" of the tax imposed upon him on the constitutional grounds. The relief sought falls squarely within the prohibition of the statute. The Act is jurisdictional, in that it limits federal court jurisdiction which might otherwise exist. *May v. Supreme Court of Colorado,* 508 F.2d 136 (10th Cir.1974), cert. den. 422 U.S. 1008, 95 S.Ct. 2631, 45 L.Ed.2d 671 (1975). The statute precludes § 1983 suits raising constitutional objections to a state imposed tax as long as the state remedy is plain, speedy and efficient. *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981), reh. den. 451 U.S. 1011, 101 S.Ct. 2349, 68 L.Ed.2d 864.

Although plaintiff argues that no adequate state remedy is available to him, this argument is without merit. Pursuant to N.R.S. 360.360, plaintiff had a right to petition for a redetermination hearing within thirty days of the notice of deficiency. This right was clearly conveyed to him in a letter from the Department of Taxation. In addition, after his administrative remedies were exhausted, plaintiff had the right to file a petition for judicial review in state court within thirty days after service of the final agency decision. N.R.S. 233B.130. The state court would then have jurisdiction to set aside the Department's decision if it were found to be in violation of constitutional or statutory provisions or in excess of the statutory authority of the agency. N.R.S. 233B.135.

Plaintiff cites N.R.S. 372A.130, which provides that "[n]o person may bring suit to enjoin the assessment or collection of any taxes, interest or civil penalties imposed by this chapter [tax on controlled substances]", as evidence of the inadequacy of his state law remedy. This court reads the prohibition in 372A.130 as encompassing only suits brought originally in state court, and not as excluding the judicial review provided for in N.R.S. 233B.130. This court finds that the state remedy is "plain, speedy and efficient" within the meaning of 28 U.S.C. 1341.

---

**1.** The amount was $1000.00 on each of 232 grams of methamphetamine, and an identical amount identified as a penalty.

Because the court concludes that 28 U.S.C. 1341 precludes its exercise of jurisdiction over plaintiff's § 1983 claim, it need not reach the merits of defendant's 12(b)(6) argument. Defendant's motion to dismiss is hereby **GRANTED.**

**IT IS SO ORDERED.**